IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES MCCLENDON and EBONY AUSTIN,<br>Plaintiffs,<br>v.<br>WILLIAM J. EDGAR and ANDOR LAW, P.C.,<br>Defendants. | Case No.: 3:26-cv-02271-AN<br><br>OPINION AND ORDER |

Plaintiffs James McClendon and Ebony Austin, who are self-represented and thus proceeding pro se, filed this civil lawsuit against defendants William J. Edgar and Andor Law, P.C. Alongside the complaint, plaintiffs also filed an application to proceed without paying filing fees—i.e., in forma pauperis ("IFP"). For the reasons stated below, the Court grants plaintiffs' IFP application, but finds that the complaint does not state a claim on which relief may be granted. The complaint is therefore dismissed with leave to amend, pursuant to 28 U.S.C. § 1915(e). If plaintiffs wish to file an amended complaint correcting the deficiencies identified by this order, they must do so within thirty (30) days, i.e. by December 18, 2026.

## LEGAL STANDARD

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander*

*v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). First, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Second, a complaint fails to state a claim for relief if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). When this standard is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. Additionally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

In determining whether a *pro se* complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect" an unrepresented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## BACKGROUND

On October 15, 2026, plaintiffs filed this action against defendants. *See* Compl., ECF 1. Plaintiffs

also filed an IFP application. *See* Appl. to Proceed IFP, ECF 2. Plaintiffs' allegations arise out of communications exchanged between plaintiffs and defendant Edgar in September and October 2026. Compl. 7-8. Although the complaint does not describe the underlying background in much detail, plaintiffs allege that defendant Edgar "actively rendered legal conclusions directly to unrepresented parties," "utilized his professional standing to issue legal opinions, misrepresent litigation speed, and manipulate unrepresented parties into surrendering their claims," and "targeted Plaintiffs by transmitting[] adversarial communication[s]." *Id.* at 8. Plaintiffs assert three claims against defendants for (1) violation of the federal Fair Housing Act through retaliatory and coercive conduct; (2) common-law civil fraud and professional deceit; and (3) intentional infliction of emotional distress. *See id.* at 9-10.

## DISCUSSION

### A. IFP Application

Plaintiffs have satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and their IFP application is granted accordingly. *See generally* Appl. to Proceed IFP. However, as described below, the complaint does not establish a legally coherent theory of liability and therefore must be dismissed pursuant to § 1915(e)(2)(B).

### B. Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Plaintiffs' complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim on which relief may be granted. As described below, plaintiffs' federal Fair Housing Act claim is insufficiently pleaded because it does not allege the required elements. Plaintiffs' federal claim must therefore be dismissed. Without the federal claim, this Court does not have federal question jurisdiction over this action. Instead, the Court has only supplemental jurisdiction, which it declines to invoke at this early phase. Plaintiffs' state law claims for common-law civil fraud, professional deceit, and intentional infliction of emotional distress are therefore also dismissed.

#### 1. *Insufficient Pleadings*

Plaintiffs' first claim alleges defendants' conduct violates the federal Fair Housing Act, 42 U.S.C. § 3617. Under section 3617, a prima facie case of retaliation requires three elements: "(1) [plaintiffs]

engaged in a protected activity, (2) an adverse housing consequence is causally linked to that activity, and (3) there was resulting damage." *Jay v. Grand Mgmt. Servs., Inc.*, 783 F. Supp. 3d 1257, 1276 (D. Or. 2025) (citing *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998)). "'In the context of a § 3617 claim, that adverse action must be in the form of coercion, intimidation, threats, or interference.'" *Id.* (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (cleaned up)).

Plaintiffs' complaint does not include sufficient factual allegations for each of the required elements. First, the complaint contains no allegation that plaintiffs were engaging in a protected activity. Second, the complaint is unclear as to whether there were adverse housing consequences. The complaint alleges defendant Edgar "attempted to force a constructive displacement framework upon the household by writing: 'Finally, I must advise that if my client is willing to substantially increase their offer, they will require a vacate date as part of the agreement.'" Compl. 8. Construing the complaint in the light most favorable to plaintiffs, this allegation could constitute impermissible coercion, intimidation, or a threat. However, the complaint does not allege a causal link between this communication and a protected activity. Thus, this claim must be dismissed.

2. *Supplemental Jurisdiction*

Having dismissed plaintiffs' federal claim, the Court "decline[s] to exercise supplemental jurisdiction" over the remaining state law claim. 28 U.S.C. § 1367(c). The remaining claims for civil fraud and professional deceit and for intentional infliction of emotional distress are governed by Oregon law and have no nexus to federal questions, meaning no federal interest will be served by proceeding with these claims in federal court. At this early stage of the case, there is also minimal risk of inconvenience or unfairness to the litigants in declining to exercise supplemental jurisdiction. Accordingly, plaintiffs' state law claims for civil fraud and professional deceit and for intentional infliction of emotional distress are also dismissed.

3. *Federal Rule of Civil Procedure 8(a)*

Plaintiffs' claims are dismissed for the reasons described above. However, plaintiffs should also be aware that their complaint must comply with Federal Rule of Civil Procedure 8, which requires pleadings

to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint lacks a clear identification of plaintiffs and a statement supporting the District of Oregon as the proper venue. Moreover, the complaint is factually difficult to follow and contains conclusory statements without sufficient factual background. Plaintiffs are thus directed to ensure that any amended complaint—if they choose to amend—complies with Rule 8(a).

**C. Leave to Amend**

Although plaintiffs have not stated a sufficient claim at this time, it does not appear that it would be impossible for plaintiffs to correct many of the identified deficiencies on amendment. Plaintiffs are therefore granted leave to amend. If plaintiffs choose to file an amended complaint, they are advised to first review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

## CONCLUSION

For the reasons stated herein, the Count GRANTS plaintiffs' application to proceed in forma pauperis, ECF 2. The Court DISMISSES plaintiffs' complaint, ECF 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Dismissal is with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this Opinion and Order, i.e., by December 18, 2026. If plaintiffs do not file an amended complaint within thirty days, judgment will be entered without further notice.

IT IS SO ORDERED.

DATED this 18th day of November, 2026.

Adrienne E Nelson

Adrienne Nelson
United States District Judge